801 So.2d 632 (2001)
Victoria MEYERS
v.
FAIRFIELD INN.
No. 01-0801.
Court of Appeal of Louisiana, Third Circuit.
December 12, 2001.
Thomas E. Townsley, The Townsley Law Firm, Lake Charles, LA, Counsel for Plaintiff/Appellant: Victoria Meyers.
Lawrence B. Frieman, Juge, Napolitano, Guilbeau, Ruli & Frieman, Metairie, LA, *633 Counsel for Defendant/Appellee: Fairfield Inn.
Court composed of ULYSSES GENE THIBODEAUX, BILLIE COLOMBARO WOODARD, and GLENN B. GREMILLION, Judges.
THIBODEAUX, Judge.
In this workers' compensation case, Victoria Meyers appeals a judgment of the Office of Workers' Compensation rendered in favor of Fairfield Inn (Fairfield) and its insurer, Zurich Insurance Company, (Zurich) pursuant to La.R.S. 23:1102(B) for a dollar for dollar credit on the entire amount of settlement funds Ms. Meyers obtained from a claim against a third-party minus attorney fees, costs, and expenses. Medical bills were not used to reduce the employer's credit. Ms. Meyers also asserts that the trial court erred in failing to issue written reasons for judgment.
We amend the judgment of the Office of Workers' Compensation to decrease the amount of credit to which Fairfield and Zurich are entitled from $6,572.48 to $2,554.55, representing the amount of the $10,000.00 settlement proceeds attributable to the aggravation of Ms. Meyers' work-related injury and as, amended, affirm. Medical expenses which are attributable solely to the injuries caused by the third-party tortfeasor and for which the employer and its insurer are not responsible cannot be used as a credit under La. R.S. 23:1102(B). These medical expenses are "costs paid by the employee in prosecution of the third party claim" under La. R.S. 23:1102(B).

I.

FACTS
The material underlying facts are not contested by either party. On April 22, 1998, Ms. Meyers was employed as a housekeeper for Fairfield. While making a bed, Ms. Meyers' foot became tangled in the sheets which caused her to fall to the floor and injure her lower back and extremities. Initially, Ms. Meyers sought treatment in the emergency room of Lake Charles Memorial Hospital. On May 6, 1998, Ms. Meyers began treatment with Dr. Dale Bernauer. During this time, Zurich was paying workers' compensation benefits to Ms. Meyers.
Dr. Bernauer released Ms. Meyers to return to work on October 12, 1998, with the restriction that she get a break every two hours. However, by November 9, 1998, Ms. Meyers returned to Dr. Bernauer complaining of back pain. Dr. Bernauer refilled her prescription and released her to return to work with the same restriction. On subsequent visits to Dr. Bernauer for lower back pain complaints in December, 1998 and January, 1999, Dr. Bernauer recommended the same treatment and work release restrictions he assigned in the past.
On January 29, 1999, Ms. Meyers was involved in a non-work-related car accident. She saw Dr. Bernauer on February 1, 1999, and informed him about her recent car accident. At this appointment, Ms. Meyers complained of right knee pain, thoracic spine pain and an increase to her lower back pain. Consequently, Dr. Bernauer determined that Ms. Meyers could not work because of the injuries to her right knee and thoracic spine resulting from the January 29, 1999, car accident. Dr. Bernauer stated that Ms. Meyers' knee and spinal injuries resulted from the January 1999 car accident.
Ms. Meyers' knee and spinal injuries were resolved by May 3, 1999. However, Ms. Meyers was not released to return to the same type of work at Fairfield that she had done previously, because it was agreed *634 that the car accident of January 1999 aggravated her pre-existing work-related lower back injury. Dr. Bernauer opined that Ms. Meyers was capable of performing only sedentary type work. Subsequently, in January of 2000, Ms. Meyers was able to settle her claim against the tortfeasor involved in the January 1999 car accident for the amount of $10,000.00. The parties further agreed that Ms. Meyers did not work from February 1, 1999 through May 3, 1999 as a result of the January 1999 car accident-related injuries to her knee and spine as opposed to the aggravation of her work-related lower back injury. The parties also agreed that the physical therapy Ms. Meyers attended from January 29, 1999 through May 22, 2000, was also related to the injuries she suffered as a result of the January 1999 car accident with the exception of the aggravation of her work-related lower back injury.
The workers' compensation judge found "that defendants [were] entitled to a credit of $6,572.48 or $10,000 [the third-party settlement amount]-($3,000 attorney fees $127.52 costs/expenses) = $6,572.48 pursuant to [La.R.S.] 23:1102(B)." Ms. Meyers asserts that the amount of the credit should be $2,554.55, calculated as follows:

Settlement $10,000.00 policy limits
Deductions attorney fee $ 3,333.33
Medical bills $ 361.00 emergency room visit
Qualls & Co. for (P.T.) $ 3,623.60
Out-of-pocket expenses $ 127.52
(Phone, copies, postage)
 __________
NET TO CLIENT: $ 2,554.55

In essence, Ms. Meyers contends that part of the funds she received by entering into a settlement agreement with the person responsible for the January 1999 car accident went toward the treatment of her knee and upper-back injuries that were unrelated to the aggravation of her work-related lower back injury for which Fairfield and Zurich are obligated to pay.

II.

LAW AND DISCUSSION

A. Written Reasons for Judgment
Ms. Meyers complains about the failure of the workers' compensation judge to provide written reasons for ruling. Louisiana Code Civil Procedure Article 1917 provides that "the court, when requested to do so by a party shall give in writing its findings of fact and reasons for judgment." There is nothing in the record indicating that Ms. Meyers requested the workers' compensation judge to provide written reasons for ruling; therefore, this complaint is without merit.

B. Dollar for Dollar Credit
Louisiana Revised Statutes 23:1101 permits an employee to bring a lawsuit against a third party tortfeasor. A third party tortfeasor
include[s] any party who causes injury to an employee at the time of his employment or at any time thereafter provided the employer is obligated to pay benefits under this Chapter because the injury by the third party has aggravated the employment related injury.
La.R.S. 23:1101(C).
The relevant portion of La.R.S. 23:1102 involved in the present case reads as follows:
B. If a compromise with such third person is made by the employee or his dependents, the employer or insurer shall be liable to the employee or his dependents for any benefits under this Chapter which are in excess of the full amount paid by such third person, only after the employer or the insurer receives a dollar for dollar credit against the full amount paid in compromise, less attorney fees and costs paid by the employee *635 in prosecution of the third party claim and only if written approval of such compromise is obtained from the employer or insurer by the employee or his dependent, at the time of or prior to such compromise.
Defendants, Fairfield and Zurich, argue that a literal and strict construction of the statute mandates that in all cases where an injured employee recovers funds from a third party tortfeasor for an injury, the employer is entitled to a dollar for dollar credit on the entire amount recovered by the injured employee minus only attorney fees and litigation costs incurred in the prosecution of the case against the third party. We are mindful that this court has previously regarded this statute as quasi-penal which requires strict construction. See Darbonne v. M & M Right of Way Contractors, 96-1730 (La.App. 3 Cir. 4/30/97); 693 So.2d 299. However, this case does not involve the penal provisions of La.R.S. 23:1102(B) regarding an employee's failure to notify the employer of a suit against a third person or failure to obtain an employer's written approval of a compromise agreement. Thus, we must, as we stated in Darbonne, interpret the portion of La.R.S. 23.1102(B) involved in this case liberally so as to effectuate the beneficent purpose of relieving workers of the economic burden of work-related injuries.
However, other rules of statutory interpretation are equally applicable. For instance, under La.Civ.Code art. 13, laws on the same subject matter must be interpreted in reference to each other. Defendants correctly assert that pursuant to La.R.S. 23:1101(C), it is their obligation to pay benefits that trigger the application of La.R.S. 23:1101-23:1103. In La.R.S. 23:1103, the employer is given a preference in the tort award obtained by the employee. The first paragraph reads as follows:
A. (1) In the event that the employer or the employee or his dependent becomes party plaintiff in a suit against a third person, as provided in R.S. 23:1102, and damages are recovered, such damages shall be so apportioned in the judgment that the claim of the employer for the compensation actually paid shall take precedence over that of the injured employee or his dependent; and if the damages are not sufficient or are sufficient only to reimburse the employer for the compensation which he has actually paid, such damages shall be assessed solely in his favor; but if the damages are more than sufficient to so reimburse the employer, the excess shall be assessed in favor of the injured employee or his dependent, and upon payment thereof to the employee or his dependent, the liability of the employer for compensation shall cease for such part of the compensation due, computed at six percent per annum, and shall be satisfied by such payment. The employer's credit against its future compensation obligation shall be reduced by the amount of attorney fees and court costs paid by the employee in the third party suit.
In the present case, the only compensable injury that obligated Fairfield and Zurich to pay benefits to Ms. Meyers pursuant to La.R.S. 23:1101 was her lower back injury suffered while in the course and scope of her employment and the aggravation of that injury when she was in a non-work-related car accident. In other words, Fairfield and Zurich were only obligated to pay benefits on Ms. Meyers' lower back problems and not her knee and upper back problems; therefore, they are only entitled to a dollar for dollar credit on the amount of the third-party settlement *636 funds attributable to the work-related injury for which they were obligated to pay benefits.
This case is distinguishable from Jeansonne v. American Native Constr. Co., 97-1228 (La.App. 3 Cir. 3/6/98); 710 So.2d 306, the case relied upon by Fairfield and Zurich to show that they are entitled to a credit on the entire amount of Ms. Meyers' settlement funds. In Jeansonne the insurer was awarded a dollar for dollar credit on the total amount of the third-party recovery minus attorney fees and costs of prosecution. In that case, all of the claimant's injuries were caused by a third party when the claimant was involved in a car accident while in the course and scope of her employment. See also Minor v. Frank's Door and Bldg. Supply Co., 94-2410 (La.App. 3 Cir. 6/23/95); 657 So.2d 737, writ denied, 95-1850 (La.11/3/95); 661 So.2d 1383 (where all of the employee's injuries were caused by a third party while employee was in the course and scope of his employment and the court, interpreting the first sentence of La.R.S. 23:1102(B), held that the employer was entitled to a dollar for dollar credit on the entire amount of the settlement minus attorney fees and costs of prosecution).
In the present case the evidence is clear, and the parties admit, that Ms. Meyers' knee and upper back problems are medical conditions unrelated to her employment at Fairfield Inn. Therefore, it follows that some of the settlement funds Ms. Meyers obtained from the third-party tortfeasor are to compensate Ms. Meyers for those injuries as well as the aggravation to her lower back problem. Thus, the amount of Ms. Meyers' settlement funds used to treat her non-work-related injuries cannot be included in the amount of the funds available for Fairfield's and Zurich's dollar for dollar credit. Ms. Meyers spent $361.00 on an emergency room visit as a result of the January 1999 car accident and $3,623.60 for physical therapy related to her knee and upper back problems, medical conditions for which Fairfield and Zurich were not obligated and will not be obligated to pay workers' compensation benefits. Thus, $3,984.60 of Ms. Meyers' $10,000.00 settlement is not available for Fairfield's and Zurich's dollar for dollar credit, leaving $6,015.40 of the settlement from which Fairfield and Zurich may seek their credit after deducting attorney fees and costs associated with the prosecution of the third-party claim. The evidence shows that the attorney fees totaled $3,333.33 and costs were $127.52. Thus, the amount of Fairfield's and Zurich's credit is $2,554.55. To interpret the employer's and/or insurer's credit otherwise, with respect to these injuries suffered by Ms. Meyers at the hand of a third party that were not related to her work for Fairfield, would penalize the injured worker and undermine the humane purpose of the workers' compensation statutory framework. This we decline to do. We hold that unrelated medical expenses for which an employer or insurer has no responsibility for payment, that is, for which no compensation is payable, do not qualify for a dollar for dollar credit under La.R.S. 23:1102(B). These expenses are encompassed within the intendment of the term "costs" in La.R.S. 23:1102(B).

III.

CONCLUSION
For the above reasons, the judgment of the workers' compensation judge is amended to decrease the amount of credit to which Fairfield and Zurich are entitled pursuant to La.R.S. 23:1102(B) from $6,572.48 to $2,554.55. In all other respects, the judgment of the workers' compensation judge is affirmed.
*637 Costs of this appeal are assessed to defendants-appellees, Fairfield and Zurich.
AMENDED AND, AS AMENDED, AFFIRMED.