| MAMES F. McKAY III, Judge.
Plaintiff, Richard Lay, appeals the trial court’s judgment granting a motion for summary judgment filed by defendant Michael Springman. The plaintiff has filed various lawsuits in federal and state courts concerning a worker’s compensation settlement between himself and his employer, Holi Temporary Services, for injuries plaintiff allegedly sustained on November 21, 1992 while working as a laborer/garbage collector in St. Tammany Parish. This Court recited plaintiffs litigation history in Lay v. Continental Rehabilitation Resources, et al., unpub., 2000-2195 (La.App. 4 Cir. 2/20/2002), 812 So.2d 160:
*1157 At the time of the injury he was employed by Holi Temporary Services, Inc. (Holi) and was working on equipment belonging to Waste Management of Louisiana (Waste Management). After his injury, he was treated at Slidell Memorial Hospital in St. Tammany Parish. He was subsequently treated for back pain by Dr. Mark Hontas, who saw him at Tulane Medical Center’s Slidell Orthopedic Clinic on two occasions and by Dr. James Butler of Tulane Medical Center, who saw him on one occasion in the emergency room on November 9, 1993.
As a result of his job-related injury, the plaintiff filed a worker’s compensation claim against his employer, Holi. He entered into a settlement agreement on May 26, 1993 settling and compromising all claims arising out of his November 21, 1992 injury. The plaintiff was later convicted of armed robbery and was sent back to prison. Since his incarceration, the plaintiff has filed a plethora of pleadings in numerous forums seeking to overturn the settlement and/or to raise additional claims against the persons and/or entities he came into contact with as a result of his on the job injury. He has filed numerous pleadings with the Office of Workers’ Compensation, the City Court of Slidell, the 22nd Judicial District Court for the Parish of St. 1 ¡/Tammany, the First Circuit Court of Appeal and more recently the Civil District Court for the Parish of Orleans. He has sued his employer, Holi; the owner of the equipment he was working on at the time of the injury, Waste Management; and Continental Rehabilitation Resources, the rehabilitation carrier for Holi. He has sued Dr. Hontas, Dr. Butler and Tulane University Medical Center. He has even sued attorneys from Adams and Reese, the law firm that represented the doctors who treated him. To date, he has not prevailed in any of these forums.
The suit filed in the City Court of Slidell was dismissed for lack of jurisdiction. The suit filed in 22nd Judicial District Court in 1997 was dismissed in 1998, and sanctions in the amount of ten thousand dollars were imposed on the plaintiff. The relator sought to have his settlement reached under the Worker’s Compensation Act declared null because of fraud.
In 1999, the relator commenced his attempts to overturn the worker’s compensation settlement in the Civil District Court for the Parish of Orleans by filing Case No. 99-10702, which was allotted to Division A. The defendants, Continental Rehabilitation Services, Holi Temporary Services, and Waste Management (herein collectively referred to as the Continental defendants), filed exceptions of improper venue, res judicata, prescription and no cause of action. The Continental defendants also filed a motion for sanctions. On October 1, 1999, the district court judge hearing the case maintained the defendants’ exceptions of improper venue, and a judgment was eventually signed which dismissed the plaintiffs’ action against those defendants.
Following the dismissal of his action against the Continental defendants, the plaintiff requested leave to amend his action to remove the exception of improper venue. He sought to do this by adding new defendants to the litigation. More specifically, he added Dr. Hontas, Dr. Butler, Tulane University Medical Center (Tulane) and Johnathan (sic) Kantar of CNA Financial Corporation. His allegation against Dr. Hontas, Dr. Butler and Tulane all involved treatment received as a result of the November 1992 on the job injury. He alleged that CNA had a contract with Holi and Waste Management through Continental *1158 and that Mr. Kantor had | ¡¡supervision or control over the St. Tammany Parish office. The plaintiff claimed that he contacted Mr. Kantor frequently with complaints while he was domiciled in Slidell, and Mr. Kantor and/or CNA were solidarity liable with Continental. He further alleged that CNA’s principal office wás in Orleans Parish. He also named the Continental defendants’ unknown insurance carrier as a defendant. On October 4, 1999, the trial court denied the plaintiffs request to amend his petition, noting that he had to file a separate suit.
On October 29, 1999, the relator filed another action in the Civil District Court for the Parish of Orleans. That action was assigned case No. 99-16547 and was allotted to Division H of the Civil District Court of the Parish of Orleans. That action has been the subject of several writ applications in this court. Named as de-ffendants in CDC no. 99-16547 were Continental Rehabilitation Services, Attorney Kevin A. Marks, Attorney Thomas J. Smith, Galloway, Johnson, Tompkins & Burr Law Corporation, Dr. Mark Hontas and his employer, Tulane University Medical Center and their insurers. The allegations in that case were essentially the same as the allegations in the complaint for case no. 99-10702. The defendants in case no. 99-16547 filed numerous exceptions to the relator’s new lawsuit, including exceptions of improper venue, insufficiency of service, res judicata, no cause of action and prescription. By judgment dated February 7, 2000, the trial court granted the defendants’ exceptions of res judicata, no cause of action, and prescription, and dismissed case no. 99-16547. On February 16, 2000 the relator filed a motion for new trial and a motion to recuse the trial judge. The trial court denied the recusal motion and on March 9, 2000, the trial court also denied the relator’s motion for delay, motion to alter the judgment and amended motion for new trial.
In May 22, 2000, in writ 2000-C-1165, relator came before this court representing that he filed a motion seeking a devolu-tive appeal of the February 7, |42000 judgment issued by the trial court in case no. 99-16547; however, he allegedly received no response. The motion could not be located in the record when it was reviewed; however, the relator attached to his writ application a copy of the motion he allegedly filed with the trial court. If in fact his motion had been timely filed, he would have been entitled to an appeal. Therefore, on July 18, 2000, this court transferred the relator’s motion requesting a devolutive appeal to the district court, with a request that the trial court provide a copy of its judgment on the motion to this court to show compliance with this court’s order.
On November 16, 2000, in writ 2000-C-2509, the relator came before this court complaining that the district court had failed to comply with the order issued in writ 2000-C-1165. When contacted, the trial judge informed this court that neither the section nor the clerk of court had received the plaintiffs original application for writ of mandamus and prohibition. Further, the court stated that the pleadings that this court had forwarded were never filed with the trial court because the pleadings did not appear in the record nor were there any computer records of such filing. Upon receipt of the trial court’s letter, this court, on February 15, 2001, denied the relator’s subsequent writ application, noting that his motion for appeal of the February 7, 2000 judgment was untimely. The relator’s motion for reconsideration of this court’s decision was denied. The relator then filed a writ application with the Louisiana Supreme Court seeking review of this court’s ruling in writ no. 2000-C-2509. The Supreme Court refused *1159 to consider the relator’s writ application, noting that it was not 'timely filed. Lay v. Continental Rehabilitation Services, et al., 2001-0841 (La.5/11/01), 791 So.2d 1288. The relator’s request for reconsideration was also denied. Lay v. Continental Rehabilitation Services, et al., 2001-0841 (La.5/11/01), 791 So.2d 1288, reconsideration denied 2001-0841 (La.6/22/01), 793 So.2d 1263.
The relator then commenced efforts to challenge the February 7, 2000 judgment by allegedly filing a petition for absolute nullity of that judgment. In writ no. 2001-C-2008 he came before this court alleging that he gave his petition for absolute nullity to prison officials to mail to the district court and to counsel of record for all defendants on September 4, 2001. However, he alleged that he never heard from the district court. A review of the petition for nullity, which he attached to his writ application, revealed that the plaintiff was now arguing that the judgment issued in case No. 99-16547 was null because the trial court lacked jurisdiction to hear and decide that case. On January 15, 2001, this court denied the plaintiffs writ application, specifically noting that it was rejecting the plaintiffs attempts to untimely challenge the February 7, 2000 judgment by filing a petition for absolute nullity.
Meanwhile, at the same time that the plaintiff was pursuing the litigation in case no. 99-16547, he continued his, litigation in case no. 97-10702, the case forming the basis of the instant litigation as well. Following the dismissal of that action, based on the Continental defendants’ exception of improper venue, the plaintiff filed a motion for new trial. On February 11, 2000, the trial court granted the plaintiff a new trial and subsequently amended the October judgment to reflect that the case was being transferred to the 22nd Judicial District court rather than being dismissed. On February 11, 2000, in addition to maintaining Continental defendants’ exception of improper venue, the trial court also granted the Continental defendants’ exception of improper cumulation and severed the claims against the Continental defendants from the claims being asserted against Dr. Hontas.
On February 16, 2000, the plaintiff filed another request for leave to amend his complaint against Dr. Hon-tas, Dr. Butler, and Tulane (the Hon-tas defendants). In the amended complaint, the plaintiff reiterated his previous allegations concerning the inadequacy of the treatment he received after his November 1992 on the job injury. He complained about Dr. Hontas allegedly concealing that he had released medical information to the plaintiffs employer and agents, and he complained that Dr. Hontas and Dr. Butler refused to see him for follow up care in 1995.
|fiIn response 'to the new amended complaint, the Hontas defendants filed exceptions of lis pendens, res judicata, no cause of action, and prescription. Following a hearing on April 28, 2000, the trial court maintained the exception of prescription and dismissed the plaintiffs action. The trial court did not address the other exceptions filed by the defendants.
The plaintiff argued in Lay, 2000-2195, that the trial court erred in granting the Continental defendants’ exception of venue and transferring the case to 22nd JDC and maintaining the Hontas defendants’ exception of prescription. This Court affirmed the trial court’s rulings.
In addition to suing his alleged employers and their insurance companies, the. plaintiff also named his employers’ attor *1160 neys as defendants in 99-10702. Defendant, Michael Springman, represented Holi Temporaries in the second worker’s compensation case filed by the plaintiff. Springman filed a motion for summary judgment in the present case alleging the plaintiff did not have a cause of action against him. In the second worker’s compensation action, plaintiff sought benefits from Waste Management. Waste Management then third partied Holi Temporaries for indemnity. Springman filed a motion to dismiss plaintiffs claim without prejudice when the plaintiff failed to answer discovery requests. The worker’s compensation judge granted the motion and dismissed plaintiffs claim without prejudice. The plaintiff alleged in his present petition that Springman intentionally disputed plaintiffs claims that the worker’s compensation settlement was null and void. The plaintiff alleged that Springman committed intentional and fraudulent acts in having plaintiffs claim dismissed.
In support of his motion for summary judgment, Springman submitted an affidavit in which he attested that: (1) he represented Holi Temporaries in a worker’s compensation lawsuit filed by Richard Lay against Waste Management in 1996, OWC Docket # 96-04333, wherein Holi Temporaries was a third party |7defendant to Waste Management; (2) his only activities in the above-mentioned lawsuit were to propound discovery requests on Richard Lay, send correspondence regarding a settlement offer to Mr. Lay, and have the case dismissed without prejudice on January 16, 1997 for Richard Lay’s failure to respond to discovery; (3) he has had no other contact with Richard Lay or his workers compensation actions or settlement; and (4) at all material times he complied with the Code of Professional Responsibility and the Louisiana Code of Civil Procedure.
Summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. Art. 966. Article 966 was amended in 1996, but the burden of proof remains with the mover to show that no genuine issue of material fact exists. If, as here, the mover will not bear the burden of proof at trial, his burden on the motion does not require him to negate all essential elements of the plaintiffs claim, but rather to point out that there is an absence of factual support for one or more elements essential to the claim. La. C.C. art. 966 C(2); Fairbanks v. Tulane University, 98-1228 (La.App. 4 Cir. 3/31/99), 731 So.2d 983. After the mover has met its initial burden of proof, the burden shifts to the non-moving party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. La. C.C.P. art. 966 C(2); Smith v. General Motors Corp., 31-258 (La.App. 2 Cir. 12/9/98), 722 So.2d 348. If the non-moving party fails to meet this burden, there is no genuine issue of material fact and the mover is entitled to summary judgment. La. C.C.P. art. 966; Schwarz v. Administrators of Tulane Educational Fund, 97-0222 (La.App. 4 Cir. 9/10/97), 699 So.2d 895. Appellate courts review summary ¡¿judgments de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate.
In the present case, plaintiff produced no evidence to support the allegations made in his amended petition. Plaintiff alleged that Springman intentionally and fraudulently obtained dismissal of his worker’s compensation action. Plaintiff also averred that Springman intentionally *1161 prevented plaintiff from successfully arguing that his settlement was null and void. However, plaintiff has not produced any documentation to support these allegations. Springman produced an affidavit in which he refuted plaintiffs allegations. Springman stated in his affidavit that he only performed the duties of an attorney representing a client in a worker’s compensation claim and obtained a judgment of dismissal without prejudice based on the plaintiffs failure to respond to discovery. Springman produced 'documentation to show that there was nothing fraudulent about his actions. As .plaintiff failed to produce any documentation supporting his allegation of fraud and intentional tort, the trial court did not err when it granted Springman’s motion for summary judgment.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.