i,McDonald, j.
Richard Lay filed this appeal while he was an inmate at Angola.[2] Apparently, he is no longer incarcerated. Prior to his incarceration he worked as a garbage collector for Holi Temporary Services. On November 21, 1992, while working for Holi Temporary Services on equipment owned by Waste Management of St. Tammany Parish (Waste Management), Mr. Lay was injured. As a result, Mr. Lay saw Dr. Mark Hontas for treatment.
PREVIOUS CASES FILED BY MR. LAY
Mr. Lay filed a disputed claim for workers’ compensation naming as a defendant Holi Temporary Services. This claim was assigned docket number 93-03937 in the Office of Workers’ Compensation Administration (OWC). On May 26, 1993, Mr. Lay and the defendants, Holi Temporary Services, and its insurer, The Fidelity and Casualty Company of New York, settled this claim for $1,000 in full and final payment, settlement, satisfaction and compromise, in an order signed by the workers’ compensation judge. Lay v. Holi Temporary Services, Inc., OWC, No. 93-03937, District 6.
Since that time, Mr. Lay has filed numerous claims attempting to have that settlement rendered null and void. In October of 1993, Mr. Lay filed suit in the City Court of Slidell against Holi Temporary Services, Waste Management, and other defendants. The defendants filed an exception raising the objection of lack of subject matter jurisdiction, which was maintained on February 3, 1994, and Mr. Lay’s suit was dismissed. Lay v. Holi Temporary Services, Inc., City Court of Slidell, No. 93C3914.
In May of 1996, Mr. Lay filed another claim with the OWC against Waste Management, which was designated as docket number 96-04333. Holi Temporary Services was named as a third party defendant. Holi Temporary Services filed a motion to dismiss based upon Mr. Lay’s failure to comply with a discovery order. On January | <¡16, 1997, the workers’ compensation judge dismissed the case. Lay v. Waste Management of St. Tammany, OWC, No. 96-04333, District 6. On January 21, 1997, Mr. Lay filed another claim with the OWC against Holi Temporary Services. This claim was filed under the previous docket number 93-03937. Apparently, this suit was dismissed also, but the judgment of dismissal is not in the record before us. Lay v. Holi Temporary Services, OWC, No. 93-03937, District 6.
Mr. Lay filed for writs of certiorari with this court in OWC case numbers 93-03937 and 96-04333. Thereafter, this court denied writs. Lay v. Waste Management of St. Tammany, 00-CW-0264 (La.App. 1 Cir. 7/28/00) (unpublished writ action).
On January 17, 1997, Mr. Lay filed suit in Civil District Court for the Parish of Orleans against Dr. Hontas, Tulane University Medical Center, Continental Rehabilitation Services, Holi Temporary Services, Waste Management, and Adams & Reese, L.L.P. Lay v. Continental Rehabilitation Services, Civil District Court for the Parish of Orleans, No. 99-10702. Continental Rehabilitation Services, Holi Temporary Services and Waste Management filed exceptions raising the objection of *490 improper venue, which were sustained, and Mr. Lay’s claims against those defendants were transferred to the Twenty-Second Judicial District Court. Adams & Reese filed an exception raising the objection of no cause of action, which was also sustained, and Adams & Reese was dismissed from the suit. Dr. Hontas and Tulane University Medical Center were dismissed from the action pending the submission of Mr. Lay’s claims to a medical review panel.
In the suit that was transferred to the Twenty-Second Judicial District Court, the defendants filed an exception raising the objection of prescription. In its reasons for judgment, the trial court judge determined that Mr. Lay had failed to show that the suit was not prescribed on its face. Further, the trial court determined that the equitable doctrine of contra non valentem did not apply, because Mr. Lay’s allegations of fraud were without merit and that a review of the medical evidence revealed not even a hint of the possibility of concealment or misrepresentation. The trial court granted the exception |4of prescription filed by the defendants and dismissed Mr. Lay’s suit. Further, the trial court awarded sanctions against Mr. Lay in favor of the defendants in the amount of $10,000. Lay v. Dr. Mark J. Hontas, Twenty-Second Judicial District Court, No. 97-10219.
Thereafter, Mr. Lay filed another claim against Holi Temporary Services and American Waste of St. Tammany Parish with the OWC, docket number 01-00020. On January 18, 2001, the workers’ compensation judge signed an order dismissing that claim with prejudice. Lay v. Holi Temporary Services, OWC, No. 01-00020, District 6.
THE PRESENT CASE
On October 4, 2001, Mr. Lay filed another disputed claim for compensation with the OWC against Holi Temporary Services. This action was given docket number 01-07392. In this action, Mr. Lay again asserted that he was petitioning to nullify the settlement due to fraud, error and lack of consent, and asserted that the contract is in violation of public policy. The workers’ compensation judge sustained an exception raising the objection of res judicata in favor of Holi Temporary Services, and Mr. Lay’s claim for compensation and his petition for absolute nullity of his May 26, 1993 workers’ compensation settlement was dismissed with prejudice. Mr. Lay filed a motion for new trial, which was denied. Mr. Lay now appeals from the judgment that dismissed his claim.
DISCUSSION
The burden of establishing the invalidity of a compromise is on the party attacking the agreement. Barnhill v. Consolidated Medical, Disability & Life Trust, 569 So.2d 1115, 1117 (La.App. 3 Cir.1990), writ denied, 572 So.2d 93 (La.1991), citing Saunders v. New Orleans Public Service, Inc., 387 So.2d 603 (La.App. 4 Cir.), writ denied, 394 So.2d 614 (La.1980). A compromise, as between the interested parties, has a force equal to the authority of the thing adjudged. Thus, a valid compromise may form the basis of a plea of res judicata. Rivett v. State Farm Fire and Casualty Co., 508 So.2d 1356, 1359 (La.1987). The grounds for rescinding a compromise are set forth in La. C.C. articles R3078 through 3083. Taken together, La. C.C. arts. 3078 and 3079 provide that rescission of compromise is justified in three cases: (1) error in the person, (2) error on the matter in dispute, and (3) fraud or violence. Brown v. Drillers, Inc., 93-1019 (La.1/14/94) 630 So.2d 741, 747 n. 9.
Mr. Lay asserts that Holi Temporary Services obtained communications *491 from his treating physician, Dr. Hontas, which alerted it that he was still disabled and unable to meet his job requirements, but Holi Temporary Services suppressed these medical findings in order to obtain a settlement. Thus, he argues, the settlement is a complete nullity.
There is no evidence in the record to back up the assertion of concealment or misrepresentation. An MRI of Mr. Lay’s lumbar spine performed on February 4, 1993, at the request of Dr. Hontas, revealed normal results. Dr. Hontas determined that Mr. Lay had sustained a muscle strain and was capable of returning to work.
The record shows that Mr. Lay sought medical treatment for his back following the work-related injury in November of 1992, an automobile accident in April of 1993, a slip and fall incident in October of 1993, and again after a slip and fall in a shower in September of 1994.
The record also reveals that at a hearing in the City Court of Slidell on January 25, 1994, Mr. Lay indicated that he had recovered from his work-related injury of November 21, 1992. Mr. Lay stated that he wanted to get back to work and that the doctor had determined his problem was “muscular” and had released him to return to work. He also stated that the injury had been “minimal.” In that case, he was complaining of wrongful and discriminatory practices by Holi Temporary Services in failing to rehire him, and he asserted that he should be allowed to return to work. Lay v. Holi Temporary Services, Inc., City Court of Slidell, No. 93C3914.
After a thorough review of the record, we find no error in the workers’ compensation judge’s determination that Holi Temporary Services exception raising the | fiobjection of res judicata should be sustained. For the foregoing reasons, the judgment is affirmed. Costs of this appeal are assessed against Richard Lay.
AFFIRMED.
PARRO, J., concurs.

. This case presents an unusual factual history. We give the history of this case, and the related cases, based on the record before us. We note that more related cases, which are not found in the record before us, are set forth in Lay v. Continental Rehabilitation Services, 2002-1268 (La.App. 4 Cir. 12/11/02), 834 So.2d 1156.