927 So.2d 687 (2006)
PACE ROYALTY TRUST FUND, INC., Plaintiff-Appellant,
v.
Ben G. O'NEAL, et al, Defendant-Appellee.
Dzurik Interest, Inc., Plaintiff-Appellant,
v.
Ben G. O'Neal, et al., Defendant-Appellee.
Nos. 40,841-CA, 40,842-CA.
Court of Appeal of Louisiana, Second Circuit.
April 19, 2006.
*688 David A. Szwak, Shreveport, for Appellant.
David Klotz, Shreveport, for Appellee.
Before WILLIAMS, GASKINS and LOLLEY, JJ.
WILLIAMS, Judge.
The plaintiffs, Pace Royalty Trust Fund, Inc. ("Pace") and Dzurik Interests, Inc. ("Dzurik"), appeal judgments in favor of the defendants, Ben O'Neal and Sally Webb. The district court sustained the defendants' exception of no right of action, dismissing Pace's claims, and defendants' exception of res judicata, dismissing Dzurik's claims. For the following reasons, we affirm the judgment sustaining the exception *689 of no right of action, reverse the judgment sustaining the exception of res judicata and remand.

FACTS
Ben O'Neal and Sally O'Neal Webb ("O'Neal/Webb") own 599 acres of land in DeSoto Parish. In 1985, O'Neal/Webb granted a mineral lease on the property to JLH Enterprises, Inc. ("JLH"). Three wells were completed on the leasehold, O'Neal No. 1, O'Neal No. 2 and O'Neal No. 3. At various times during the ensuing years, the lease was assigned to different mineral lessees. At some point, JLH assigned its working interest in the lease to Ida Oil Corporation ("Ida Oil"). In May 1992, Sundance Energy Corporation ("Sundance") began production operations under the lease through an agreement with Ida Oil. While Sundance operated the lease, only the O'Neal No. 2 well ("OW-2") was producing. In March 1999, O'Neal/Webb sent a letter complaining about a late royalty payment and demanding release of the lease by Sundance and Ida Oil, the mineral lessee at the time. In May 1999, Pace assumed operation of the wells on the leased property. In July 1999, Pace sent a royalty payment to O'Neal/Webb for OW-2 production.
In March 2000, O'Neal filed an affidavit in the DeSoto Parish conveyance records alleging that the 1985 mineral lease had expired by its own terms because the OW-2 had not produced since May 1999 and no production reports had been filed with the Louisiana Office of Conservation since June 1999. In March 2000, O'Neal/Webb also executed and recorded a mineral "top lease" with C.H.C. Gerard. In a transfer effective on March 1, 2001, Ida Oil assigned its leasehold rights to Dzurik. At the same time, Pace conveyed its interest as operator to Dzurik.
In July 2001, O'Neal/Webb filed suit in district court (# 61,911) against JLH, Ida Oil and Dzurik, seeking a declaratory judgment that the mineral lease had expired by its own terms and other relief in the alternative. Dzurik filed an answer and reconventional demand alleging that its right to peaceable enjoyment of its leasehold interest had been disturbed by various acts of O'Neal/Webb and their agents, including the March 2000 "top lease" and the O'Neal affidavit. After a trial, the district court rendered judgment finding that the 1985 mineral lease remained in effect in favor of the lessee and ordering that any royalties owed to the lessors be paid in full, with interest from the original due date. On appeal, this court affirmed the judgment. O'Neal v. JLH Enterprises, Inc., 37,432 (La.App.2d Cir.12/1/03), 862 So.2d 1021.
In February 2005, Dzurik filed a petition for damages against the defendants, Ben O'Neal and Sally Webb, alleging breach of the mineral lease, bad faith breach of warranties, breach of peaceable possession and use, constructive eviction and abuse of process. Defendants filed an exception of res judicata on the grounds that Dzurik should have asserted all of its claims in the prior litigation, pursuant to the provisions of LSA-C.C.P. art. 1061 and LSA-R.S. 13:4231.
In February 2005, Pace filed a petition for damages against the defendants, Ben O'Neal and Sally Webb, alleging breach of the mineral lease causing lost profits and revenue. Defendants filed an exception of no right of action on the grounds that Pace did not have any ownership interest in the lease at any time relevant to the events alleged in the Pace petition.
At the hearing on both exceptions, the district court admitted into evidence the documents introduced by Dzurik and Pace over defendants' objection, but excluded *690 live testimony. The court allowed Dzurik and Pace to proffer the deposition testimony of George Harrison, a principal of Pace, Michael Dzurik, owner of Dzurik and William Roseberry, principal of Sundance.
The district court sustained the defendants' exception of res judicata, finding that Dzurik's claims arose out of the same transaction as the prior litigation in O'Neal v. JLH, and sustained the defendants' exception of no right of action, finding that Pace had not owned any leasehold rights. The court rendered separate judgments dismissing the claims of Dzurik and Pace. Dzurik and Pace appeal the judgments.

DISCUSSION
Pace contends the district court erred in sustaining the exception of no right of action. Pace argues that its right of action was established by evidence showing that Pace was the operator of the leased property and that Pace had executed a valid contract to purchase Ida Oil's lease interest.
An action can only be brought by a person having a real and actual interest which he asserts. LSA-C.C.P. art. 681. The exception of no right of action is designed to test whether the plaintiff has an actual interest in the action. LSA-C.C.P. art. 927(5). The function of the exception of no right of action is to determine whether the particular plaintiff belongs to the class of persons to whom the law grants a remedy for the particular harm alleged. Louisiana Paddlewheels v. Louisiana Riverboat Gaming Commission, 94-2015 (La.11/30/94), 646 So.2d 885. The exception of no right of action assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case has a legal interest in the subject matter of the litigation. Louisiana Paddlewheels, supra; Elmore v. Kelly, 39,080 (La.App.2d Cir.12/15/04), 889 So.2d 1173. To prevail, the defendant must demonstrate that plaintiff does not possess an interest in the subject matter of, or legal capacity to proceed with, the lawsuit. McPherson v. Foster, 03-2696 (La.App. 1st Cir.10/29/04), 889 So.2d 282.
In the present case, the record shows that Harrison, as owner of Pace, conducted negotiations with Ida Oil in an effort to obtain its lease interest. These negotiations began in 1999 and resumed in 2001. On February 13, 2001, Harrison faxed to Ida Oil a letter stating Pace's "offer to purchase" Ida Oil's lease interest for the amount of $45,500 to be paid at closing within thirty days. The date for the closing and signing of the assignment of Ida Oil's lease interest was extended to March 26, 2001. However, Ida Oil did not execute the assignment of its lease interest to Pace by the deadline date because of a disagreement regarding the indemnity protection extended to Ida Oil. Thus, the record does not contain an assignment of lease interests from Ida Oil to Pace. Rather, the exhibits admitted into evidence show that on April 24, 2001, Ida Oil assigned all of its right and interest in the subject mineral lease to Dzurik, effective as of March 1, 2001. Although Pace, as operator of the wells, signed an agreement transferring all of its "right, title and interest" in the leased property, including pipelines, facilities and equipment servitudes to Dzurik, the record does not support Pace's contention that it had obtained the leasehold interest of Ida Oil.
The evidence presented demonstrates that Pace did not possess a legal interest in an action for damages caused by breach of the mineral lease. Accordingly, we cannot say the district court erred in sustaining the exception of no right of action. LSA-C.C.P. art. 934 provides that when the grounds of the objection raised by the *691 peremptory exception may be removed by amendment of the petition, the judgment shall order the amendment within the delay allowed, but if the grounds of objection cannot be so removed, the action shall be dismissed.
Although Pace asserts in its appellate brief that the district court should have allowed it to amend its petition to remove the grounds of objection, we note that Pace did not move to amend its petition when the court sustained the exception and Pace has not shown how such grounds, its lack of a lease interest, could be removed by amendment. The assignment of error lacks merit.

Exception of Res Judicata
In several assignments of error, Dzurik contends the district court erred in sustaining defendants' exception of res judicata. Dzurik argues that its reconventional demand in the prior lawsuit, O'Neal v. JLH, supra, seeking a declaratory judgment that the mineral lease was valid did not preclude Dzurik's present cause of action for damages.
Under LSA-R.S. 13:4231, a subsequent action is precluded by res judicata when: (1) there is a valid and final judgment between the same parties, (2) the cause of action asserted in the second suit existed at the time of the final judgment in the first litigation, and (3) the cause of action asserted in the subsequent suit arose out of the same transaction or occurrence that was the subject matter of the prior litigation. Jones v. Bethard, 39,575 (La.App.2d Cir.4/13/05), 900 So.2d 1081. LSA-C.C.P. art. 1061(B) provides that a defendant in the principal action shall assert in a reconventional demand all causes of action he may have against a plaintiff that arise out of the same transaction or occurrence at issue in the principal action. When an exception of res judicata is raised before the case is submitted and evidence is then received from both parties, the standard of review is manifest error. Medicus v. Scott, 32,326 (La.App.2d Cir.9/22/99), 744 So.2d 192.
LSA-C.C.P. arts. 1871 et seq. govern declaratory judgments and provide that courts may declare rights, status and other legal relations within their respective jurisdictions, whether or not further relief is or could be claimed. LSA-C.C.P. art. 1871. A person interested under a written contract or lease may have determined any question of construction or validity arising under the instrument. LSA-C.C.P. art. 1872.
LSA-C.C.P. art. 1878 provides:
Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application therefor shall be by petition to a court having jurisdiction to grant the relief. If the application is considered sufficient, the court, on reasonable notice, shall require any adverse party whose rights have been adjudicated by the declaratory judgment or decree, to show cause why further relief should not be granted forthwith.
A declaratory judgment does not constitute an absolute bar to subsequent proceedings where the party is seeking other remedies, even though based upon claims which could have been asserted in the original action. Blaise Parking and Enterprises Corp. v. Project Square 221, 409 So.2d 691 (La.App. 4th Cir.1982); see Claitor v. Delahoussaye, 02-1632 (La.App. 1st Cir.5/28/03), 858 So.2d 469. The declaratory judgment provisions are to be liberally construed and administered in order to afford relief from uncertainty with respect to rights, status and other legal relations. LSA-C.C.P. art. 1881.
*692 In the present case, Dzurik contends its petition for damages is authorized by the above codal articles. We agree. The fact that a party did not couple a claim for damages with a petition for declaratory relief does not bar a subsequent action for damages. Louisiana Riverboat Gaming Commission v. Louisiana State Police Riverboat Gaming Enforcement Division, 97-0167 (La.App. 1st Cir.6/20/97), 696 So.2d 645, writ denied, 97-1932 (La.11/7/97), 703 So.2d 1269.
The defendants urge this court to consider only Article 1061(B) and LSA-R.S. 13:4231 and assert that Article 1878 should not be applied. However, we note that the provisions of Section 4231 apply "except as otherwise provided by law." When statutes conflict, the law that is specifically directed to the matter at issue must prevail as an exception to the law that is more general in nature. Horil v. Scheinhorn, 95-0967 (La.11/27/95), 663 So.2d 697. Thus, Articles 1871 et seq. will govern in cases involving declaratory judgments.
Where, as here, a declaratory judgment has been sought and rendered, Article 1878 allows the district court to grant further relief based upon that judgment whenever "necessary or proper." Such relief is sought by means of filing a new petition, as Dzurik did in this case.
After reviewing the applicable law, we conclude that Dzurik was not precluded from asserting a cause of action for the damages alleged in its petition, which was based upon the declaratory judgment finding that the mineral lease was valid. Consequently, the district court erred in sustaining the defendants' exception of res judicata and we shall reverse that judgment. In reaching this conclusion, we pretermit discussion of Dzurik's assignment of error concerning the accrual of its claim for damages caused by an alleged abuse of process.

Evidentiary Issue
Pace and Dzurik contend the district court erred in refusing to allow them to present evidence at the hearing on the exceptions. LSA-C.C.P. art. 931 permits the introduction of evidence to support or controvert an exception of no right of action. The district court has broad discretion concerning the admissibility of witness testimony. Combs v. Hartford Ins. Co., 544 So.2d 583 (La.App. 1st Cir.), writ denied, 550 So.2d 630 (La.1989).
Contrary to the contention of Pace and Dzurik, the record shows that the district court admitted into evidence the documentary exhibits offered by their attorney. The court declined to hear witness testimony and allowed Pace and Dzurik to proffer the evidence. In admitting the documents, the district court could have determined that the witness testimony was unnecessary. Our review of the proffered testimony demonstrates that the witnesses primarily commented on the documentary exhibits. Pace has not shown in what way the testimony would have affected the court's decision. Based upon this record, we cannot say the district court abused its discretion in excluding the testimony. The assignment of error lacks merit.

CONCLUSION
For the foregoing reasons, the district court's judgment sustaining the exception of no right of action and dismissing the claims of Pace with prejudice is affirmed. The district court's judgment sustaining the exception of res judicata as to the claims of Dzurik is reversed, and this matter is remanded to the district court for further proceedings. The costs of this consolidated appeal are assessed to the *693 appellees, Ben O'Neal and Sally O'Neal Webb.
JUDGMENT SUSTAINING THE EXCEPTION OF NO RIGHT OF ACTION AFFIRMED; JUDGMENT SUSTAINING THE EXCEPTION OF RES JUDICATA REVERSED AND REMANDED.