950 So.2d 707 (2006)
Daphne LERAY, Glenn Leray and Elaine Leray
v.
NISSAN MOTOR CORPORATION IN U.S.A., Nissan Motor Co., Ltd., Jamie Adams, Entergy Louisiana, Inc., and the State of Louisiana Through the Department of Transportation and Development.
No. 2005 CA 2051.
Court of Appeal of Louisiana, First Circuit.
November 3, 2006.
*708 Jerald P. Block, Matthew F. Block, Thibodaux, Darryl J. Carimi, Metairie, Counsel for Plaintiffs/Appellants Daphne Leray, Glenn Leray, and Elaine Leray.
James S. Thompson, Nicholas C. Gristina, New Orleans, Counsel for Defendants/Appellees Louisiana Farm Bureau Casualty Insurance Company and Jamie Adams.
Keith W. McDaniel, Lance B. Williams, Covington, Counsel for Defendant/Appellee Nissan North America, Inc.
Margaret Jenkins Savoye, New Orleans, Counsel for Defendant/Appellee Entergy Louisiana, Inc.
Charles C. Foti, Jr., Attorney General, Ted Hernandez, Asst. Attorney General, Baton Rouge, Counsel for Defendant/Appellant *709 State of Louisiana, Department of Transportation and Development.
Before: CARTER, C.J., GUIDRY, and McCLENDON, JJ.
GUIDRY, J.
In this appeal, the trial court sustained an exception urging the objection of res judicata raised by one of the named defendants and his insurer. Finding the trial court's ruling to be incorrect, we reverse in part.

FACTS AND PROCEDURAL HISTORY
On October 14, 1996, Daphne Leray and her parents, Glenn and Elaine Leray, filed the instant suit in Lafourche Parish against Nissan Motor Corporation in U.S.A., Nissan Motor Co., Ltd., Entergy Louisiana, Inc., the State of Louisiana through the Department of Transportation and Development, and Jamie Adams relative to a single-car accident that occurred in Lafourche Parish on October 15, 1995.[1] The accident occurred while Daphne was riding as a passenger in a 1995 Nissan pickup truck driven by Jamie Adams. All defendants, except Jamie Adams, filed answers denying liability for the injuries sustained by Daphne.
On March 16, 2005, an exception urging the objection of res judicata was filed by Louisiana Farm Bureau Casualty Insurance Company and Jamie Adams (collectively "defendants") asserting that the claims asserted by the Lerays were barred because of a settlement agreement the defendants had entered into with Daphne Leray, wherein she allegedly fully released the defendants of any and all claims relative to the October 15, 1995 accident. The Lerays opposed the motion, averring that Daphne Leray had never entered into any such agreement.
A hearing on the exception was held on May 5, 2005, wherein the trial court received into evidence opposing affidavits from the parties and a copy of a check draft issued by Farm Bureau to the order of "Daphne Leray and attorney Jerald Block" in the amount of $15,000.00 "IN FULL PAYMENT FOR full/final settlement any/all claims." After considering the arguments presented and the evidence submitted, the trial court sustained the exception in favor of the defendants and dismissed them from the Lerays' suit with prejudice. The Lerays filed a motion for new trial, which was denied by the trial court. It is from the written judgment signed on May 17, 2005, in conformity with the trial court's May 5, 2005 ruling, that the Lerays devolutively appeal herein.

ASSIGNMENT OF ERROR
On appeal, the Lerays allege that the trial court erred in sustaining the exception raising the objection of res judicata insofar as the judgment dismisses the claims of Glenn and Elaine Leray, who were not parties to the compromise agreement between Daphne Leray and the defendants.

DISCUSSION
A compromise,[2] as between the interested parties, has a force equal to the *710 authority of the thing adjudged. Thus, a valid compromise may form the basis of a plea of res judicata. La. C.C. art. 3078; Lay v. Holi Temporary Services, 02-0290, p. 4 (La.App. 1st Cir.2/14/03), 845 So.2d 488, 490. The doctrine of res judicata, as invoked in Louisiana, is provided by statutory mandate to occur under the following circumstances:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
La. R.S. 13:4231. Further, it has been held that La. R.S. 13:4231, in providing that "a valid and final judgment is conclusive between the same parties," requires "identity of the parties" to preclude a subsequent suit. Hence, identity of parties exists whenever the same parties, their successors, or others appear so long as they share the same "quality" as parties. Five N Company, L.L.C. v. Stewart, 02-0181, p. 16 (La.App. 1st Cir.7/2/03), 850 So.2d 51, 61. When an exception of res judicata is raised before the case is submitted and evidence is then received from both parties, the standard of review on appeal is manifest error. Pace Royalty Trust Fund, Inc. v. O'Neal, 40,841, p. 6 (La.App. 2nd Cir.4/19/06), 927 So.2d 687, 691, writ denied, 06-1197 (La.9/15/06), 936 So.2d 1271.
In the matter before us, the only evidence of the compromise agreement at issue was a copy of a check issued by Farm Bureau to Daphne Leray and her attorney and the affidavit of David L. Marcantel, Jr., a District Claims Manager for Farm Bureau who supervised the processing of the Lerays' claims. The copy of the Farm Bureau check shows both the front and the back of the instrument. The front of the check displays the following language: "IN FULL PAYMENT FOR full/final settlement any/all claims Under Coverage C & A." The back of the check displays Daphne Leray's signature. In his affidavit, Mr. Marcantel represented that "in consideration of Farm Bureau's payment to Daphne Leray through her attorney Jerald Block, a General Release and Indemnity Agreement was executed indicating that plaintiffs released and forever discharged Farm Bureau and Jamie Adams of and from any and all claims or demands . . . as a result of the accident at issue which occurred October 15, 1995 and involving Farm Bureau's insured, Jamie Adams."
While the Lerays dispute that Daphne Leray ever signed such an agreement, it is undisputed by the parties that Daphne Leray signed and negotiated the aforementioned check, which alone is sufficient to establish the requirements of a valid compromise agreement. See La. C.C. art. 3071; Audubon Insurance Company v. Farr, 453 So.2d 232, 234 (La.1984) and compare Rivett v. State Farm Fire *711 and Casualty Company, 508 So.2d 1356, 1359-1360 (La.1987). Nevertheless, we find merit in the Lerays' contention that a compromise signed by Daphne Leray cannot support the objection of res judicata raised by the defendants in opposition to the claims of Glenn and Elaine Leray.
A transaction (compromise) made by one of the interested parties is not binding for the others. La. C.C. art. 3077. This principle applies even when the claims sought to be asserted are derivative of the primary claim that was compromised. Aldredge v. Whitney, 591 So.2d 1201, 1206 (La.App. 2nd Cir.1991). Because the loss of consortium and medical and convalescent care expense claims of Glenn and Elaine Leray are personal to them, the compromise agreement signed by Daphne Leray, in the form of the Farm Bureau check draft, cannot act to waive their right or cause of action on their separate claims. See Aldredge, 591 So.2d at 1206. As observed by the court in Aldredge, although the claim of loss of consortium is derivative of the primary victim's injuries, the claim is not derivative of the victim's ability to assert a claim. Aldredge, 591 So.2d at 1207.

CONCLUSION
Accordingly, for the foregoing reasons, we reverse the May 17, 2005 judgment of the trial court, in part, to the extent it that sustained the exception raising the objection of res judicata and dismisses the claims of Glenn and Elaine Leray against the defendants. The judgment is otherwise affirmed. All costs of this appeal are cast to the defendants, Louisiana Farm Bureau Casualty Insurance Company and Jamie Adams.
REVERSED IN PART.
NOTES
[1] On March 18, 2003, the Lerays filed an amending and supplemental petition wherein they added claims against an additional defendant, The Tokio Marine and Fire Insurance Company, Limited, as the liability insurer of the Nissan defendants.
[2] Louisiana Civil Code article 3071 provides, in pertinent part, that "[a] transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on. . . ."