NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-1541


CHARLES DAVID PUGH, ET UX.

VERSUS

CAMERON STATE BANK


************

APPEAL FROM THE
THIRTY-EIGHTH JUDICIAL DISTRICT COURT,
PARISH OF CAMERON, NO. 10-17108
HONORABLE H. WARD FONTENOT, DISTRICT JUDGE

************

JIMMIE C. PETERS
JUDGE

************

Court composed of Jimmie C. Peters, Billy H. Ezell, and James T. Genovese, Judges.

AFFIRMED.

Charles David Pugh
Post Office Box 555
Cameron, LA 70631
(337) 775-5290
PLAINTIFFS IN PROPER PERSON & APPELLANTS
    Charles David Pugh
    Deanna Beth Pugh

Ronald J. Bertrand
Attorney at Law
714 Kirby Street
Lake Charles, LA 70601
(337) 436-2541
COUNSEL FOR DEFENDANT/APPELLEE:
    Cameron State Bank

PETERS, J.

Charles David Pugh and Deanna Beth Pugh, who are husband and wife and the plaintiffs in this litigation, appeal the trial court's grant of peremptory exceptions of res judicata and no cause of action filed by the defendant, Cameron State Bank. For the following reasons, we affirm the trial court judgment in all respects.

## DISCUSSION OF THE RECORD

This litigation arises from a series of loans by Cameron State Bank (Bank) to the plaintiffs for the construction of an ocean-going fishing vessel, the F/V *Princess Bayleigh Anna*. The loans were secured by promissory notes and a Preferred Ship Mortgage on the fishing vessel. When the plaintiffs defaulted on their payments and obligations under the Preferred Ship Mortgage, the Bank filed a foreclosure action in federal court. *Cameron State Bank v. Pugh*, 04-672 (W.D. La. Dec. 15, 2004). This action resulted in an October 20, 2004 public sale of the F/V *Princess Bayleigh Anna* by the United States Marshal's Office with a subsequent deficiency judgment being recognized in favor of the Bank.

Thereafter, on March 16, 2005, the Pughs instituted the instant suit against the Bank, asserting breach of contract and fraud. Specifically, the Pughs asserted that the Bank had agreed that, when construction of the F/V *Princess Bayleigh Anna* was complete, it would consolidate the interim financing loans into one loan for a term of ten years; that upon completion of the construction, the Bank refused to do so; and that this refusal constituted both breach of contract and fraud, by which they were financially damaged.

In response to the petition, the Bank filed peremptory exceptions of res judicata, no cause of action, and no right of action. After a hearing, the trial court granted the exceptions of res judicata and no cause of action. The Pughs appealed

this judgment, asserting three assignments of error: 1) the judgment of dismissal is in error as no oral reasons were assigned in open court on July 26, 2006; 2) the trial court erred in granting the Bank's peremptory exception of res judicata because the issues of fraud and breach of contract were not adjudicated in the federal suit; and 3) the trial court erred in granting the Bank's peremptory exception of no cause of action.[1]

**OPINION**

The trial court held the hearing on the exceptions on November 16, 2005, rendered judgment in open court on July 26, 2006, and executed a written judgment granting the exceptions on August 14, 2006. The plaintiffs' first assignment of error is apparently based on the language of the judgment, which states that "for oral reasons assigned in Open Court on July 26, 2006," the trial court granted the Bank's peremptory exceptions. They argue that the judgment of dismissal was not supported by oral reasons and, therefore, should be reversed.

We agree that on July 26, 2007, the trial court stated no reasons for rendering its judgment in favor of the Bank and dismissing the plaintiffs' suit. However, the trial court had no obligation to issue reasons for judgment absent a request pursuant to La.Code Civ.P. art. 1917(A), and neither party to this litigation made such a request. *Meyers v. Fairfield Inn,* 01-801 (La.App. 3 Cir. 12/12/01), 801 So.2d 632, *writ denied,* 02-119 (La. 3/22/02), 811 So.2d 933. Thus, while the phraseology of the judgment preamble may be inaccurate, the judgment itself effects the trial court ruling. Therefore, we find no merit in this assignment of error.

---

[1]The Pughs also assert that the trial court erred in granting Cameron's peremptory exception of no right of action. However, the trial court judgment does not mention that exception.

The Pughs next argue that the trial court erred in granting the peremptory exception of res judicata because the issues of breach of contract and fraud were not adjudicated in federal court. We also find no merit in this assignment of error.

Louisiana law provides that "[t]he defendant in the principal action . . . *shall* assert in a reconventional demand all causes of action that he may have against the plaintiff that arise out of the transaction or occurrence that is the subject matter of the principal action." La.Code Civ.P. art. 1061(B) (emphasis added). Rule 13(a) of the Federal Rules of Civil Procedure has the same requirement:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction . . . .

A final judgment in a federal court may form the grounds of a plea of res judicata in Louisiana state courts. *McCoy v. Tangipahoa Parish Sch. Bd.,* 308 So.2d 382 (La.App. 1 Cir.), *writ denied,* 310 So.2d 856 (La.1975). Additionally, La.R.S. 13:4231(1) provides that when a judgment is rendered in favor of a plaintiff in a prior suit between the same parties, "all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment."

Although the Pughs filed no counterclaim against the Bank in the federal foreclosure action, they did assert a number of affirmative defenses to the foreclosure action.[2] The trial court concluded that the plaintiffs' claims of breach of contract and fraud arose out of the same transactions or occurrences as the federal suit, thereby

---

[2]These affirmative defenses included, among others, promissory estoppel, misplacement of loan payments, lack of consent, lack of diligence, failure to mitigate damages, set-off for wrongful action of the Bank, wrongful foreclosure, and misrepresentation by the Bank.

barring the current suit by the doctrine of res judicata. "Whether a cause of action arises out of the same transaction or occurrence is determined by an examination of the facts underlying the event in dispute." *Holly & Smith Arc. v. St. Helena Congregate Facility,* 03-481, p. 5 (La.App. 1 Cir. 2/23/04), 872 So.2d 1147, 1152. Given the record before us, we find no error in the trial court's grant of the exception of res judicata. *See Pace Royalty Trust Fund, Inc. v. O'Neal,* 40,841, 40,842 (La.App. 2 Cir. 4/19/06), 927 So.2d 687, *writ denied,* 06-1197 (La. 9/15/06), 936 So.2d 1271.

Our conclusion that the trial court did not err in granting the exception of res judicata and in dismissing the plaintiffs' suit on that basis renders the plaintiffs' third assignment of error moot. Therefore, we will not address whether the trial court erred in granting the exception of no cause of action.

## DISPOSITION

For the foregoing reasons, we affirm the judgment of the trial court. We assess all costs of the appeal to the plaintiffs, Charles David Pugh and Deanna Beth Pugh.[3]

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2-16.3.

---

[3]When judgment is rendered against a party who has been allowed to litigate without the payment of costs, the party "shall be condemned to pay the costs incurred by him . . . and those recoverable by the adverse party." La.Code. Civ.P. art. 5188.