Txjckeb, P.
It seems to be agreed on all hands, that there are errors in the proceedings and decree in this cause.
The first that occurs, is the dismissal of the original bill, as to Yates and wife, and decreeing them to pay costs. Whether he was or was not a participator in the fraudulent transaction complained of, his wife, and he of course, were necessary parties, either as plaintiffs or defendants, in this suit for the proceeds of the sale of the land, which were to *24 be divided among them all; and he being a proper party with his wife, they might well be joined as plaintiffs, for conformity. The dismissal as to them was therefore erroneous, and the more so, as the defendants were decreed their costs against them, before the cause was finally heard. Out of this error grew another. Yates having been, by the amended bill, made a party defendant, solely upon the supposition that he was liable for the fraud, his wife was not made a party, and was not a party at the hearing. These errors, however, are rendered unimportant by the subsequent proceedings in the cause.
The errors in the final decree, are much more vital. All the parties complain of it. The plaintiffs complain, that Thompson and Norris’s store accounts against them were allowed, and thus their recovery against the sureties of their guardian, was improperly reduced; and that the chancellor improperly required them to execute deeds of release of the land to the purchaser; which last objection, indeed, seems very obvious. The sureties of the guardian complain, that they are improperly charged, because the money claimed was not due to their principal Gaines as guardian, but as the representative of his testator, and he was responsible as administrator to the legatees, not as guardian to his wards; that, supposing them chargeable, they ought not to have been charged in the first instance; and that only their own costs are decreed to them against Thompson and others,, without including the costs decreed to the plaintiffs against them. Thompson, Norris, Broadus and Yates, each and all, insist that there ought to have been no decree against them; and complain yet more, that they are made jointly responsible for the whole of the sums decreed. Let us consider these objections, succinctly, in their order.
As to the plaintiffs’ objection to the allowance of the store accounts. This rests upon two grounds; that there is no sufficient proof of the advance of the goods; and that, if there was, they were improperly paid for out of the principal of the infants’ estate. The first of these grounds *25 is not tenable. As it respects Thompson and Norris’s deinands, the bona fide settlement and acknowledgement of the guardian, are, I think, conclusive. He and his sureties, indeed, are bound to shew, that those advances were necessary, and that they were really made; but the merchant is not bound to shew that they were necessary, since it is the province of the guardian to judge of that; nor can he be called upon for further proof of the delivery and price, than the acknowledgement of the guardian with whom he dealt. The other question is more difficult. If the guardian runs up an account for his ward, and pays it out of the principal of his estate, the merchant cannot be bound to refund if he was ignorant of the fact. But, where he is aware that he is receiving payment out of a fund which the law will not permit to be encroached on without an order of the court, I think he stands on no more advantageous ground than the guardian himself. In this case, both Norris and Thompson knew, before they received this money, that it was a part of the wards’ principal estate. As such, according to Myers v. Wade, it could not properly be applied to their current expenses, without the authority of the proper tribunal; and it is, therefore, as necessary in reference to them, as it would be in relation to Gaines, to institute an inquiry, if it be insisted on, as to the propriety of the charge upon this portion of those funds.
We come now to consider the objections of the sureties to the decree. They insist, that they ought not to be charged at all, because their principal was not chargeable as guardian, but as administrator to the legatees. But, in selling the land, he did not act as administrator, properly speaking; he acted as trustee. In taking the bonds as guardian, he charged himself with the fund as guardian; and in this he did right. But the sureties complain, that, at any rate, they should not be first charged. And this complaint I think well founded. If, as I suppose, Thompson and Norris are responsible and bound to refund, they ought to have been first charged. It is natural justice, not only to put the bur *26 den on the right person, but to place it there in the first instance; since, otherwise, the most innocent party will bear the brunt of the suit. The only injury the plaintiffs can sustain by this compliance with the terms of the tribunal aid he invokes, is a short delay which is more than comPensated hy his proceeding here against all the parties together, instead of in detail. The claim of the sureties to jlave tjj0 costs which are decreed to the plaintiffs against them, reimbursed to them by the parties ultimately responsible, is deemed well founded.
The other parties, over against whom the decree is rendered in favour of the sureties, are most loud in their complaints. They complain, and very justly, that they are all banded together, and the whole made responsible on the ground of fraud and conspiracy, not only for what they have received, but for what they have not received. Yates, for instance, has received nothing over and above his wife’s just portion of the money; yet because he is supposed to have connived at the fraud, he is made responsible for the whole amount, although he has neither participated in the spoils, nor been the means of enabling others to acquire them. He was only engaged, I think, and that very naturally, in securing his wife’s portion of the proceeds of sale which he had a right to receive. He was therefore improperly made a party with the view to charge him with this responsibility, but as he was a necessary party on other grounds (for a settlement of his accounts as guardian is demanded) the question of his costs must await the final decree as to that matter. Neither were Yates or JYalle, Gaines’s sureties in the counter administration bond, necessary or proper parties in that character, since the sureties of the administrator were not liable for the proceeds of sale of the land. For the like reason, and because there was no foundation for proceeding against him, Wm. Broadus the younger was an improper party. And as to James Yates the surety in the guardian’s bond of Boswell Yates, it is difficult to conceive on what ground he was made a party. As to all these the bill should have been dismissed.
*27 With respect to JYorris and Thompson the case is very-different. Thompson’s case seems to me beyond all doubt. He procured the payment out of the funds of Gaines’s wards, of debts which were not due from them, or fairly chargeable on them. He procured this payment from a guardian notoriously failing, if not intirely insolvent, with a full knowledge of the misapplication of the funds, to the prejudice of bis wards or of his sureties. He was thus getting payment of his claims out of money which he knew could not be so applied without defrauding an infant or a surety. Equity has no allowance for such transactions, and will rigorously compel the restoration of the unjust acquisition. Whether be shall bo made responsible directly to the infant, or held responsible over to the sureties, is a matter, indeed, which the court arranges with regard to the rights of the plaintiffs who have a title to charge them all: but in whatever mode the responsibilities are arranged, he is bound (and in my opinion primarily chargeable) for what he has illegally received, though for nothing more. This can only be finally adjusted by an account, ascertaining how far the store account against the wards was fairly chargeable on the fund in question, unless the plaintiffs in the cause should waive the inquiry, and admit the account.
The case of JYorris is less clear so far as respects the money advanced for the bond. But, as by cashing the bond with a knowledge of the failing condition of Gaines, he must have foreseen, that he was facilitating the perpetration of a fraud and misapplication of the fund, I think he cannot shelter himself behind the technicality that Gaines had a right to receive the amount of the bond from Broadus, and that the transfer of it for the full amount in cash, was the same thing in effect. But for his interference the money might not, probably would not, and perhaps ought not to have been paid by Broadus, eleven months before it was due; and in the mean time, the sureties might have protected themselves by the ordinary remedies afforded by the law. I am therefore of opinion, that he too is chargeable in like manner as Thompson.
*28 As to Wm. Broadus the elder, if his case rested solely on the ground of his obligation to see to the proper application of the purchase money for the land sold by the administrator, I should regard him as exonerated by the execution of the bonds to the guardian, if the subsequent payment of them had been without objection. So far from its having been fraudulent to execute the bonds to the guardian, it was a prudent step, and not an improper one in Broadus, who was bound to see that those funds came to the guardian’s hands. But his knowledge of the embarrassments of Gaines, his objecting to make any payment while his son was bound, and waiving all objection as soon as he was released, certainly place his conduct in an unfavourable light; and, as he has paid or in some manner satisfied the amount of the bonds or the greater part of them, notwithstanding the early warning he received not to do so, it cannot be denied that he ought to be held ultimately responsible in case of the insolvency of the other parties.
I, therefore, should reverse the decree, and enter a decree conforming with the opinions I have expressed on the several points. But the other judges differ with me in opinion upon some of the points, and concur in an order to be entered, which expresses the opinion of the court.
The decree which was entered upon Winston’s appeal, declared, that he, and consequently his co-sureties for Gaines, were not injured by the decree of the court of chancery ; and, therefore, affirmed it as to him, with damages and costs.
" The decree entered upon the appeal taken by Broadus, Thompson and JYorris, declared, that so much of the chancellor’s decree as was pronounced between the appellants and Boswell Yates, on the one side, and the sureties of Gaines the guardian, on the other, was erroneous in charging the former, jointly, to indemnify the latter against their responsibility to the plaintiffs; that Yates was in no way liable to indemnify them in any respect; and that the ap *29 pellants were bound to indemnify them only to the amount of the bonds of Broadus the elder assigned by Gaines to Thompson and Norris, respectively, after deducting their respective accounts against him as guardian, for the three female plaintiffs, respectively, and in respect to which, Thompson and Norris were severally liable, in the first instance, each for the amount of the bond assigned to him, subject to that deduction, and Broadus the elder was only responsible for any part thereof, which could not be recovered from them respectively; that Winston and others, the sureties, should not be at liberty to enforce payment of the sums of money decreed to them respectively, against Thompson, Norris and Broadus the elder, until they themselves should have paid the plaintiffs the sums decreed to be paid by them respectively; that the plaintiffs in case th'e sureties, or any of them, should fail to make due payment to them, should be at liberty to resort to this decree, and to prosecute it for their benefit, in the name of the surety so failing, against Thompson, Norris and Broadus, to make good the deficiency. And Thompson, Norris and Broadus were decreed to reimburse to the sureties, the costs of the court of chancery, decreed to the plaintiffs against them, as well as to pay them their own costs expended in their defence there.