CHARLES R. JONES, Chief Judge.
b The Appellant, The New Orleans Jazz and Heritage Foundation, Inc., seeks review of the district court’s judgment which *716 dismissed its Petition to Enforce Judgment against the Appellee, Mr. Karlton Kirksey, and granted the Exception of Res Judicata. Finding that the district court erred in granting the Exception of Res Judicata of Mr. Kirksey, we reverse the judgment of the district court and remand for further review.
On September 9, 2004, the Appellant, The New Orleans Jazz and Heritage Foundation, Inc. (the “Foundation”), filed a lawsuit against both Kirksey Enterprises, Inc. (KEI) and the Appellee, Karlton Kirksey (Mr. Kirksey), alleging that Mr. Kirksey breached certain fiduciary duties to the Foundation, and that KEI failed to remit rebates to the Foundation for daytime and nighttime concerts put on by the Foundation between 2000 and 2003. The matter proceeded to trial, and by judgment dated June 5, 2009, KEI was found liable for its failure to remit rebates, and Mr. Kirksey was found liable individually for breach of his fiduciary duty. Pursuant to that judgment, the Foundation was awarded $69,802.00 in damages (the amount of the rebates withheld), plus legal interest from September 9, 2004, as well as all taxable costs.
|2The June 5, 2009 judgment was appealed by Mr. Kirksey and our Court overturned the portion of the district court’s judgment finding Mr. Kirksey individually liable to the Foundation, and reduced the court’s award of damages to $50,902.00 (the amount of only the daytime receipts), plus interest and costs. The May 26, 2010 judgment of our Court is now executory.
Disparities between KEI’s revenue in 2008 and its apparent financial state in 2009 caused the Foundation to suspect that KEI was avoiding its obligation as a Judgment Debtor to the Foundation by hiding behind Mr. Kirksey, the sole owner, shareholder, manager, and presumably, the “alter ego” of KEI. The Foundation raised this “alter ego” theory for the first time in its Petition to Enforce Judgment, which was filed in May 2011. The Foundation pleaded that despite the fact that Mr. Kirksey was not found individually liable for the appropriation of certain rebates, he is the alter ego of KEI, and is responsible for KEI’s undercapitalization and subsequent failure to pay on the May 26, 2010 judgment.
In its petition for damages filed on May 3, 2011, The Foundation alleged, inter alia, that KEI had: (1) commingled corporate funds with Mr. Kirksey’s own personal funds; (2) failed to follow statutory formalities for incorporating and transacting corporate affairs, including but not limited to failing to prepare financial statements for the company; (3) been severely undercapi-talized; (4) failed to keep separate bank accounts and bookkeeping records; (5) failed to hold regular shareholder and director meetings; (6) failed to keep minutes of any corporate meetings; and (7) had no regular employees besides Mr. Kirksey. In response, Mr. Kirksey filed Peremptory Exceptions of No Cause of Action and Res Judicata. After a hearing on the exceptions, the district court granted Mr. Kirk-sey’s peremptory exception of res judicata and dismissed the Foundation’s suit with |sprejudice. The district court did not rule on the exception of no cause of action. The Foundation timely filed the instant appeal, and in its sole assignment of error argues that the district court erred in granting the defendant/Appellee’s exception of res judicata as to the New Orleans Jazz Fest and Heritage Foundation’s Petition to Enforce Judgment.
When an exception of res judica-ta is raised before the case is submitted and evidence is then received from both parties, the standard of review on appeal is manifest error. Leray v. Nissan Motor Corp. in U.S.A., 2005-2051, p. 5 (La.App. 1 *717 Cir. 11/3/06), 950 So.2d 707, 710, citing, Pace Royalty Trust Fund, Inc. v. O’Neal, 40,841, p. 6 (La.App. 2 Cir.4/19/06), 927 So.2d 687, 691, writ denied, 2006-1197 (La.9/15/06), 936 So.2d 1271. It is well settled that a court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of manifest error’ or unless it is clearly wrong,’ ... Resell v. ESCO, 549 So.2d 840, 844 (La.1989). “[WJhere there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of facts should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.” Id.
Upon review of pertinent law and facts, we find that the district court erred in granting Mr. Kirksey’s Peremptory Exception of Res Judicata. The doctrine of res judicata is defined by La. R.S. 13:4231, which provides:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1)If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment. |4(2) If the judgment is in favor of the defendant, all causes of action existing at the time of the final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
The statutory requirements of La. R.S. 13:4231 have been succinctly summarized as follows:
(1) The judgment is valid;
(2) The judgment is final;
(3) The parties are the same;
(4) The cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and
(5) The cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.
Burguieres v. Pollingue, 2002-1385, p. 8 (La.2/25/03), 843 So.2d 1049, 1053.
In the instant matter, the Foundation filed a Petition to Enforce Judgment asserting a cause of action that KEI has been hiding behind its alter ego, Mr. Kirk-sey, and thus KEI has failed to enforce the judgment of our Court. Therefore, based on the “veil-piercing doctrine”, Mr. Kirk-sey should be liable for the sum of the judgment. This Court, in determining whether the “veil-piercing doctrine” can be applied to Mr. Kirksey, considers the Fifth Circuit’s holding in Middleton v. Parish of Jefferson,
The general rule that corporations are distinct legal entities is well supported by jurisprudence and statute. However, we note that courts have used “veil piercing,” which is a term used to refer to a court’s refusal to give legal effect to the normally separate legal personality of a | ^corporation. Although these cases usually arise to impose personal liability on corporate shareholders for corporate debts, this is a flexible doctrine that can be used in any situation in which the separate personality of the corporation *718 appears to be blocking a just result. Id. (citations omitted).
1997-824, p. 4 (La.App. 5 Cir. 1/14/98), 707 So.2d 454, 456, unit denied sub nom., Middleton v. Parish of Jefferson Through Dept. of Inspection & Code Enforcement, 1998-0403 (La.3/27/98), 716 So.2d 896. Upon numerous' failures to enforce the judgment against KEI due to its alleged lack of productivity, the Foundation sought to enforce the judgment against Mr. Kirk-sey as the alter-ego and sole shareholder of KEI. The Foundation alleged that Mr. Kirksey has commingled his funds with that of KEI’s, and has mismanaged the corporation, making it impossible to seek money from a company under-performing.
Mr. Kirksey filed his res judicata exception asserting that our Court has already rendered a final judgment on the matter, ruling that he could not be liable for the debts of his corporation. The district court ruled in favor of Mr. Kirksey, granting his exception of res judicata, reasoning that the judgment of this Court in New Orleans Jazz and Heritage Foundation, Inc., v. Kirksey, 2009-1433 (La.App. 4 Cir. 5/26/2010), 40 So.3d 394, held that as the sole shareholder of KEI, Mr. Kirksey is not personally liable for the debts of his corporation. Therefore, the district court concluded that the Foundation’s action is barred by res judicata, as it has already been litigated. However, upon a review of the law and this Court’s opinion in Kirk-sey, we find that the district court erred in its findings.
In evaluating the factors of res judicata and applying it to the matter sub judice, the district court must have found that the judgment of our Court was a valid and final judgment between the same parties; that the cause of action, | (¡enforcing the judgment against Mr. Kirksey as the alter-ego of KEI, existed at the time of the final judgment in the first litigation; and finally, the cause of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first suit. The Foundation sought to enforce the judgment rendered on May 26, 2010. A claim to enforce a judgment cannot be brought before a judgment has been ordered. “A judgment in favor of the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined, if its determination was essential to the judgment.” La. R.S. 13:4231(3).
 Here, Mr. Kirksey failed to meet all five factors required to maintain a res judicata exception. Though the judgment upon which Mr. Kirksey relies is a valid and final judgment between the same parties, it cannot be said that the cause of action in the second suit, to hold Mr. Kirk-sey as the alter-ego of KEI and thus personally liable for the debt of the corporation, is the same as pleaded in the first suit alleging Mr. Kirksey had breached certain fiduciary duties to the Foundation, and that KEI failed to remit rebates to the Foundation for concerts put on by the Foundation between 2000 and 2003. Further, the cause of action asserted in the instant suit did not arise out of the transaction or occurrence as the first suit. The statement and ruling in which the district court relied specifically states:
The trial court did not conduct an inquiry into the veil-piercing factors and the record before us does not justify applying the alter ego theory in imposing personal liability upon Mr. Kirksey. The trial court did not find, nor did the Foundation allege, facts sufficient to subvert the shareholder protections of La. R.S. 12:93 B. As the sole shareholder of KEI, Mr. Kirksey is not personally liable for the debts of his corporation.
Kirksey, p. 21, 40 So.3d 394 at 407-08. The matter sub judice pertains to KEI’s *719 default on and failure to pay court-ordered judgment, which did not arise out of the initial suit pertaining to the misappropriations of the Foundation’s funds by KEI. The issues and queries in the second suit differ from that of the first suit filed by the Foundation. As cited in Ins. Co. of N. Am. v. Louisiana Power & Light Co.,
Louisiana courts recognize that “a final judgment has the authority of res judi-cata only as to those issues presented in the pleadings and conclusively adjudicated by the court.” Moreover, the doctrine of res judicata is stricti juris, thus, any doubt concerning the application of the principle must be resolved against its application. (Citations omitted).
2008-1315, pp. 6-7 (La.App. 4 Cir. 3/4/09), 10 So.3d 264, 268. Thus, the exception of res judicata should have been denied by the district court as Mr. Kirksey failed to prove all required factors to prevail on an Exception of Res Judicata.
In the instant matter, the Foundation is seeking to pierce the corporate veil to hold Mr. Kirksey liable for the corporation’s debts under the alter-ego doctrine since the corporation, KEI, is conducted in such a manner that the identity of the corporation cannot be distinguished from the shareholder, Mr. Kirksey. The matter pertains to Mr. Kirksey’s role and involvement as a shareholder. The petition alleges that KEI has failed to pay the debt owed under the judgment and this failure is due to misappropriation of funds by Mr. Kirksey as a shareholder of KEI. Thus, this transaction of KEI’s failure to pay the court ordered judgment did not exist at the time of the initial suit. Hence the instant suit, dealing with the alter ego theory, was a cause of action that could not have been advanced in the first suit or the matter previously on appeal. As opined by our Court in Kirksey, the issue of alter-ego presented was not in the current matter, pled, adjudicated or litigated in either lsof the courts which litigated the case between the Foundation and Mr. Kirksey. Thus, the district court’s reliance on erroneous information contained in Mr. Kirk-sey’s exception of res judicata warrants reversible error on its part. We find that since this claim was not raised before the district court in the first suit, imposing personal liability upon Mr. Kirksey pursuant to the alter-ego doctrine is still an issue that needs to be considered by the district court.
In conclusion, Mr. Kirksey failed to prove elements four and five of the statutory res judicata requirements, and further failed to present sufficient evidence for a rule on res judicata. This Court did not previously rule on the issue of the alleged “alter-ego”. This Court’s judgment was not final as to the matter sub judice because the issue of alter-ego was never pled by the Foundation in their original suit, nor adjudicated by the district court or reviewed by the court of appeal. This Court’s holdings were not based on an evaluation of the alter-ego theory; therefore, the current matter is an independent cause of action which was never raised by the Foundation.

DECREE

For the foregoing reasons, the judgment of the district court granting the Appel-lee’s Exception of Res Judicata is reversed and the matter is remanded to the district court for further review.
REVERSED AND REMANDED
LOBRANO, J., concurs in the result.