BARNES, J.,
dissenting:
¶ 34. I cannot accept the majority’s decision to bar this case under the doctrine of res judicata. Upon review, I find that the circuit court correctly held that the doctrine of res judicata and the statute of limitations are not applicable to the 2009 claim. However, rather than affirming the grant of summary judgment, I would reverse the judgment and remand for the circuit court to address the constitutional due-process concerns of binding Jarrett to issues determined in an action to which he was not a named party.
I. Res Judicata
¶ 35. While the majority’s analysis of the four identities would make it appear that the claim filed by the Estate is barred by res judicata, in-depth review of the effect of judgments reveals that the causes of action in the first and second cases are not identical and the doctrine of res judica-ta is, therefore, not applicable. The doctrine of collateral estoppel, however, may bind Jarrett in the Estate’s suit to enforce the workers’ compensation judgment. Section 45 of the Restatement (First) of Judgments (1942) provides that when a “valid and personal judgment” is rendered, it is “conclusive between the parties” to the extent that:
(a) if the judgment is in favor of the plaintiff, the cause of action is extinguished and a new cause of action on the judgment is created;
(b) if the judgment is in favor of the defendant and is on the merits, the cause of action is extinguished;
*1217 (c) whether the judgment is in favor of the plaintiff or of the defendant, it is conclusive in a subsequent action between them upon the issues actually litigated in the action.[4]
These three effects are addressed under the concepts of merger, bar, and collateral estoppel, respectively,[5] and have been recognized by the Mississippi Supreme Court. See Garraway v. Retail Credit Co., 244 Miss. 376, 384-85, 141 So.2d 727, 730 (1962) (citing Restatement (First) of Judgments § 45). The comment to clause (a) in section 45 notes: “Where a valid and final judgment for the payment of money is rendered in favor of the plaintiff, the claim is merged in the judgment. This means that the claim, whether valid or not, is extinguished and a new claim on the judgment is substituted for it.” I conclude that the majority’s finding that the doctrine of res judicata bars the Estate’s 2009 claim is not a correct application of the res judicata doctrine. Since the Estate was successful in obtaining a $136,400 award for benefits, the prior claim for workers’ compensation benefits “merged” into the judgment.
¶ 36. Section 47 of the Restatement (First) of Judgments (1942) provides: ‘Where a valid and final personal judgment in an action for the recovery of money is rendered in favor of the plaintiff, (a) the plaintiff cannot thereafter maintain an action against the defendant on the cause of action; but (b) the plaintiff can maintain an action upon the judgment.” Comment (e) to section 47 explains, in pertinent part:
Where the plaintiff has obtained a valid and final judgment against the defendant by which the plaintiff is awarded a sum of money, a debt for the amount so awarded is created. The plaintiff not only can maintain proceedings by way of execution for the enforcement of the judgment, but also can maintain an action upon the judgment.
(Emphasis added).[6] The Florida District Court of Appeal has recognized: “Every judgment gives rise to a common law cause of action to enforce it, called an action upon a judgment.” Burshan v. Nat’l Union Fire Ins. Co. of Pittsburgh, 805 So.2d 835, 840-41 (Fla.Dist.Ct.App.2001).
The main purpose of an action on a judgment is to obtain a new judgment which will facilitate the ultimate goal of securing satisfaction of the original cause of action. If a limitations period has almost run on a judgment, a judgment creditor can start the limitation period anew by bringing an action on the judgment to obtain a new judgment. [However, a] party may not relitigate the merits of the original cause of action in an action on a judgment.
Id. at 841 (internal citations and quotations omitted).
¶ 37. It is evident in the present case that the second action filed by the Estate in 2009 was an action to enforce the judgment. The first action, and resulting judgment, concerned whether Dillard was an employee of Dixie Products and entitled to benefits.[7] The 2009 complaint, on the other hand, asserted:
*1218 [Dixie Products] was required to carry workers’] compensation insurance at all times and failed to do so. Therefore, Larry Jarrett is personally liable for the judgment rendered in the workers’] compensation claim.
Wherefore, premises considered, Plaintiff prays that upon a hearing in this cause that the judgment granted by the Workers!’] Compensation Commission be enrolled against the Defendants, jointly and individually, and that execution be allowed to issue on same, together with all interests, attorney’s fees and all costs in this cause.
(Emphasis added).
¶ 88. Other jurisdictions have provided helpful legal analysis on the issue of whether a second suit to enforce a judgment would be barred by res judicata. In Matthews Construction Co. v. Rosen, 796 S.W.2d 692, 694 (Tex.1990), the Supreme Court of Texas held that a second suit to enforce a judgment is not barred by res judicata, finding:
[Harvey] Rosen [ (the president and sole shareholder of the corporation) ] has asserted that, because he and the corporate entity are one, res judicata bars the second suit against him. However, the doctrine of res judicata serves as a bar to subsequent collateral attacks on a final judgment. Its purpose is to preserve the sanctity of judgments. Matthews [Construction Company’s] suit against Rosen does not constitute a collateral attack on the judgment against Houston Pipe; to the contrary, Matthews is attempting to enforce that judgment. To apply res judicata in the manner argued by Rosen would be to pervert the sanctity of judgments, not preserve them.
(emphasis added and internal citations and quotations omitted); see also Strange v. Estate of Lindemann, 408 S.W.3d 658, 661 (Tex.Ct.App.2013) (“Typically, a post-judgment suit against an alleged alter ego is not a collateral attack on the prior judgment, and thus is not barred by res judica-ta.”); Walker v. Anderson, 232 S.W.3d 899, 912 (Tex.Ct.App.2007) (“A suit against the alter ego of a corporation to enforce a judgment against the corporation does not constitute a collateral attack on the judgment against the corporation.”) (citing Matthews, 796 S.W.2d at 694).
¶ 39. In a more recent case, the Louisiana Court of Appeals also held that a suit to enforce a judgment did not constitute the same cause of action so as to support a finding of res judicata. New Orleans Jazz & Heritage Found., Inc. v. Kirksey, 104 So.3d 714, 718 (La.Ct.App.2012). The appellate court reasoned: “A claim to enforce a judgment cannot be brought before a judgment has been ordered.” Id.
Though the judgment upon which Mr. [Karlton] Kirksey relies is a valid and final judgment between the same parties, it cannot be said that the cause of action in the second suit, to hold Mr. Kirksey as the alter-ego of KEI and thus personally liable for the debt of the corporation, is the same as pleaded in the first suit alleging Mr. Kirksey had breached certain fiduciary duties to the Foundation!.]
[[Image here]]
[S]ince this claim was not raised before the district court in the first suit, imposing personal liability upon Mr. Kirksey pursuant to the alter-ego doctrine is still an issue that needs to be considered by the district court.
Id. at 718-19.
¶ 40. Similar to these cited cases from Texas and Louisiana, the Estate has obtained a valid judgrhent for benefits and seeks to assert that judgment against Jarrett personally, under the authority of Mis *1219 sissippi Code Annotated section 71-3-83(1) (Rev.2011). At the hearing on the motion for summary judgment, the circuit judge concluded:
The Court has had an opportunity to previously consider all of this, and as to Dixie Products, I think the claim was if [Robert] as executor of the [E]state of Dillard was entitled to recover from Dixie Products, and I think that’s behind us. That’s not what we’re talking about today at all.
The Court observed during the course of that decision, though, that there were facts in issue having to do with the individual liability of Larry Jarrett, that there were issues regarding application of the 20 percent penalty provided in the workerfs’]. compensation] statute. It is my understanding that these issues have been resolved in that there is now evidence concerning the role played by Mr. Jarrett in the management of the corporation as president, secretary,[and] treasurer from 1994 until today.
[[Image here]]
In sum, it is my opinion that Mr. Jarrett is responsible for all of these.
(Emphasis added). I agree. As the second case involves a separate action to enforce the judgment, I find that it does not constitute the same cause of action required for the application of res judicata.
II. Due Process — Enforcing a Judgment Against a Nonparty
¶ 41. The next issue, and one not addressed by the parties or the circuit court, is how does one “enforce a judgment” against a person who was not a party to that action? In this case, while not specifically asserting this issue in his response to the motion for summary judgment, Jarrett pled as a defense that “there [was] no factual or legal basis to impose individual liability against [him] for the corporate judgment debt of [Dixie Products].” I find that whether the judgment against Dixie Products can be enforced against Jarrett will be dependent upon whether he “controlled” the prior litigation under the doctrine of collateral estoppel.
¶ 42. Our Mississippi workers’ compensation statutes and caselaw have not provided any guidance how procedurally to assert liability against corporate officers under the section 71-3-83(1). There is also little guidance from other jurisdictions that have similar statutory language, regarding a corporate officer’s liability, in their workers’ compensation acts. See Alaska Stat. § 23.30.255; D.C.Code § 32-1539. Georgia has addressed an employer’s duty to maintain workers’ compensation insurance, and its agent’s liability as a result of such failure to do so, in Georgia Code Annotated section 34-9-120 (1972), which provides:
Every employer subject to the compensation provisions of this chapter shall insure the payment of compensation to his employees in the manner provided in this article; and, while such insurance remains in force, he or those conducting his business shall be liable to any employee for personal injury or death by accident only to the extent and in the manner specified in this article.
The Georgia Court of Appeals has interpreted this statute, finding:
Where the employer has failed to carry workers’ compensation insurance and has become insolvent, and the employer’s agents’ failure to procure such insurance coverage has rendered an injured employee’s compensation award uncollectible, the employee may maintain an action at law -against those individual agents for an amount equal the award of the workers’ compensation board.
*1220 Crawford v. Holt, 172 Ga.App. 326, 323 S.E.2d 245, 246-47 (1984) (citing Samuel v. Baitcher, 247 Ga. 71, 274 S.E.2d 327, 329 (1981)).[8]
¶ 43. There is no dispute that Jarrett is the president and major shareholder of Dixie Products; however, he was not a named party to the initial action for workers’ compensation benefits. The United States District Court for the Eastern District of Louisiana considered a similar situation concerning the Longshore and Harbor Workers’ Compensation Act (LHWCA) in Dinh v. Stalker, No. 09-3019, 2010 WL 1930945 (E.D.La. May 11, 2010). The LHWCA has a provision almost identical to section 71-3-83, providing:
Any employer required to secure the payment of compensation under this chapter who fails to secure such compensation shall be guilty of a misdemeanor and, upon conviction thereof, shall be punished by a fine of not more than $10,000, or by imprisonment for not more than one year, or by both such fine and imprisonment; and in any case where such employer is a corporation, the president, secretary, and treasurer thereof shall be also severally liable to such fine or imprisonment as herein provided for the failure of such corporation to secure the payment of compensation; and such president, secretary, and treasurer shall be severally personally liable, jointly with such corporation, for any compensation or other benefit which may accrue[.]
33 U.S.C. § 938(a) (2012). In Dinh, the injured worker filed a second suit to enforce an award of benefits against the corporation’s chief financial officer, who was not a party to the claim for benefits before the AJ. Dinh, 2010 WL 1930945, at *2. The district court granted the officer’s motion to dismiss, finding that he did not receive the required statutory notice under the LHWCA. See 33 U.S.C. § 919(c) (2012). Significantly, the court noted: “Failure to afford notice to an interested party violates the most rudimentary demands of due process of law.” Dinh, 2010 WL 1930945, at *4 (quoting Tazco Inc. v. Director, Office of Workers Compensation Program, 895 F.2d 949, 950 (4th Cir.1990)). I acknowledge that this case is somewhat distinguishable, as our workers’ compensation act has no similar notice requirement. ' However, it does raise the issue as to whether enforcement of a judgment against a third party violates due process.
¶ 44. The United States Supreme Court has held:
A person who was not a party to a suit generally has not had a “full and fair opportunity to litigate” the claims and issues settled in that suit. The application of claim and issue preclusion to nonparties thus runs up against the “deep-rooted historic tradition that everyone should have his own day in court.” Indicating the strength of that tradition, we have often repeated the general rule that “one is not bound by a judgment in personam in a litigation in which he is not designated as a party or to which he has not been made a party by service of process.”
Taylor v. Sturgell, 553 U.S. 880, 892-93, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008) (internal citations omitted). However, the Taylor Court also noted that there are six categories of “recognized exceptions” to nonparty preclusion, including where there is a “ ‘substantive legal relationship[ ]’ be *1221 tween the person to be bound and a party to [the] judgment” (“sometimes collectively referred to as ‘privity’ ”)[9] and where “a nonparty is bound by a judgment if [ ]he ‘assumed control’ over the litigation in which that judgment was rendered.” Id. at 893-95, 128 S.Ct. 2161 (citations omitted).[10] As to the latter exception, the Court cited Restatement (Second) of Judgments section 39 (1982), which provides: “A person who is not a party to an action but who controls or substantially participates in the control of the presentation on behalf of a party is bound by the determination of issues decided as though he were a party.” “Because such a person has had ‘the opportunity to present proofs and argument,’ he has already ‘had his day in court’ even though he was not a formal party to the litigation.” Taylor, 553 U.S. at 895, 128 S.Ct. 2161.[11]
¶ 45. “[P]reclusion of non-parties who control the earlier litigation ‘falls under the rubric of collateral estoppel rather than res judicata.’ ” Kinsky v. 154 Land Co., 371 S.W.3d 108, 112 (Mo.Ct.App.2012) (quoting Montana v. United States, 440 U.S. 147, 154, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)). The Mississippi Supreme Court has held that the doctrine of collateral estoppel “protects litigants from the burden of relitigating an identical issue with the same party or his privy ... [and] promotes judicial economy by preventing needless litigation.” Mayor & Bd. of Aldermen, City of Ocean Springs v. Homebuilders Ass’n of Miss. Inc., 932 So.2d 44, 59 (¶ 61) (Miss.2006) (quoting Miss. Emp’t Sec. Comm’n. v. Philadelphia Mun. Separate Sch. Dist. of Neshoba Cnty., 437 So.2d 388, 396 (Miss.1983)). Thus, the doctrine precludes “an appellant ... from relitigat-ing in the present suit specific questions actually litigated and determined by and essential to the judgment in the prior suit, even though a different cause of action is the subject of the present suit.” Id. at (¶ 64) (quoting Lyle Cashion Co. v. McKendrick, 227 Miss. 894, 906, 87 So.2d 289, 293 (1956)).[12]
¶ 46. In the case before us, the circuit court granted summary judgment against Jarrett without considering whether he had “control” of the prior litigation and, thus, was bound by issues decided in the prior litigation under the doctrine of collateral estoppel. The circuit judge merely *1222 noted that Jarrett was president of the corporation. While this finding is sufficient to establish liability under section 71-3-83(1), it is not sufficient for a determination that Jarrett controlled the litigation in a manner that assures that due process was satisfied.[13]
¶ 47. Accordingly, I would reverse the grant of summary judgment by the circuit court, and remand for further consideration as to whether Jarrett had “assumed control” over the prior action. If the circuit court made a factual determination that Jarrett had control over the prior litigation, Jarrett could be bound by the issues litigated in the prior action (i.e., that Dillard was entitled to workers’ compensation benefits), and the judgment enforced against him under section 71-3-83(1).
III. Statute of Limitations
¶ 48. The circuit court concluded that there was no issue regarding the statute of limitations, noting the seven-year time period allowed for filing a judgment. As already noted, the purpose of the 2009 complaint was to enforce the judgment awarded by the Commission against Jarrett and Dixie Products. “All actions founded on any judgment or decree rendered by any court of record in this state, shall be brought within seven years next after the rendition of such judgment or decree[.]” Miss.Code Ann. § 15-1-43 (Rev.2003).[14] Accordingly, I find that the circuit court properly found that the action was not barred by the statute of limitations.
CARLTON, J., JOINS THIS OPINION.

. Compare Restatement (Second) of Judgments § 17 (1982).

. See Restatement (First) of Judgments § 45, cmts. to els. (a)-(c).

. “As to the effect of a judgment in a subsequent action on a different cause of action[,]“ comment (Z) directs the reader to sections 68-72 regarding collateral estoppel. Compare Restatement (First) of Judgments §§ 68-72 (1942), with Restatement (Second) of Judgments § 27 (1982): “Issue Preclusion-General Rule.”

.See Dixie Prods. Co. v. Dillard, 770 So.2d 965 (Miss.Ct.App.2000).

. While the Georgia cases are not directly on point, since they require a finding that the corporation is insolvent, they are instructive, as they do not require the employee to obtain his judgment against the employer's agent at the time he obtains his the original award.

. The majority claims that Jarrett was "unquestionably in privity with Dixie Products,” but any findings regarding the issue of privity were never made by the circuit court. The Supreme Court observed in Taylor that the term "privity” has "come to be used more broadly, as a way to express the conclusion that nonparty preclusion is appropriate on any ground.” Taylor, 553 U.S. at 894 n. 8, 128 S.Ct. 2161. Therefore, "[t]o ward off confusion,” the Court avoided using the term in its opinion addressing "nonparty preclusion.” Id.

. The Taylor Court rejected the appellant’s argument for an additional exception to non-party preclusion termed “virtual representation,” emphasizing “the fundamental nature of the general rule that a litigant is not bound by a judgment to which she was not a party.” Taylor, 553 U.S. at 898, 128 S.Ct. 2161. "[W]e have endeavored to delineate discrete exceptions that apply in 'limited circumstances.' ” Id.

. Comment (b) to section 39 states: "The rule stated in the Section applies to issue preclusion, and not to claim preclusion, because the person controlling the litigation, as a non-party, is by definition asserting or defending a claim other than one he himself may have.”

. “[U]nlike the broader question of res judi-cata, [collateral estoppel] applies only to questions actually litigated in a prior suit, and not to questions which might have been litigated.” Mayor & Bd. of Aldermen, City of Ocean Springs, 932 So.2d at 59 (¶ 64).

. This analysis would result in some persons listed under section 71-3-83(1) not being bound by the prior litigation and others being bound: those who did not control the prior litigation would not be bound, while those who did control the prior litigation would be. This result resolves the due-process concerns raised in Dinh, 2010 WL 1930945, at *4-5 (denying a plaintiffs attempt to enforce a judgment against a corporate officer who did not actively participate in the prior action).

. Although the language of the statute was amended slightly in 2010, the seven-year statute of limitations is still applicable. See Miss. Code Ann. § 15-1-43 (Rev.2012 & Supp. 2010)